JONES, Judge ad hoc.
The plaintiff in this action seeks damages for alleged injuries sustained on October 10, 19SS while entering one of the defendants busses in the City of Baton Rouge, La.
From a judgment rejecting her demands in the District Court, she has perfected this appeal.
The facts in this case show that on the date above mentioned, about the hour of 5:15 p. m., plaintiff got on the defendant’s bus immediately in front of the old State Capitol Building in the City of Baton Rouge, La. When she reached the top step of the bus, she partly fell, the upper part of her body striking the fare box. She alleges that the mat which covers the top step of this bus was torn and her foot became entangled in this torn mat, causing her to fall and suffer the subsequent injuries for which she seeks to recover damages. She alleges that the defendant bus company was negligent in failing to keep the bus in a safe condition; in not keeping the mat in good condition; in having a frayed and torn mat; and failure to warn petitioner of the torn mat as she, petitioner, entered said bus as a paying passenger, when the bus was in an unsafe condition because of the torn and ragged floor mat.
The defendant in answer admitted that the plaintiff got on the bus on October 10, 1955 as a paying passenger, but denied that she fell as a result of the floor mat over the top step being torn or frayed or that the mat was in a dangerous condition. Defendant admitted she partially stumbled on the top step but this was due to her failure to pick her foot up high enough to reach the floor level of the bus. Defendant specifically denied that the floor mat was torn. Further answering, defendant stated in the alternative that if the plaintiff sustained any injury or damages, she did so due to her own negligence, not only by failing to pick her foot up high enough to reach the floor level of the bus, but also in carelessly entering the bus without supporting and bracing herself with the supports and braces provided for that purpose and negligently and inattentively attempting to mount the steps without watching her step and without using due care of the placement and location of her feet on the bus. In the alternative, defendant alleges that in the event the defendant or its employee should be found guilty of negligence which caused plaintiff’s injuries, the plaintiff was guilty of contributory negli *214 gence, proximately causing her injury and is a bar to her recovery.
The facts in the case show that on the date the plaintiff entered this bus, she did stumble in the vicinity of the top step thereof and fell against the fare box, which is immediately above and to the right of said front step. She then assumed her seat on the bus and rode several blocks and at the time she departed therefrom, she made a complaint to the bus driver that she had been injured. She testified that she went around and took the number of the bus, which was number 97, and then came back to the steps and while standing on the ground, she observed that the mat was frayed and torn on the top step and she placed her hand on the frayed or torn places and showed them to the driver of the bus.
The driver of the bus, Vernon Gaudin, testified that he remembered the day the plaintiff entered the bus and that the day she got on, a number of other people were on said bus. His testimony also reflects that she had two or three bundles in her hands and when she reached the top step, she partially stumbled and braced herself against the fare box with her right arm. He was frank enough to say that he didn’t see the placement of her feet at the time she stumbled. He denied that when the plaintiff alighted from the bus and took the number of the bus she thereafter came around and showed him any torn or frayed places on the mat covering the top step of the bus, and, as a matter of fact, he denied that the mat on any of the steps was torn or frayed. This mat, which evidence showed was made of hard rubber, was slightly worn according to the testimony of this witness, but was in good condition. By admitting that the mat was worn down some, the witness explained that the ridges which are on the top of the mat and consist of rubber, were not as thick as they would be on a new mat. He further denied that this mat was either loose or frayed. At the time of the trial, the witness was no longer employed by the defendant bus company but was working for Stevens Meat Co. at Gonzales, La.
The testimony of the witness, Gaudin, is corroborated by that of Elizabeth Vaughn and Sadie Barenobourg, who were passengers on the bus. Both these witnesses testified they did not hear the plaintiff say anything about the mat on the top step being torn or frayed, nor did they see her place her hand on or under said mat immediately after alighting from the bus, or at anytime. The only other witness as to what might have been said, when the plaintiff alighted from the bus, was her daughter, Risha White, who came out of her mother’s home, which was one door removed from the point at which the bus stopped, and even though she testified she heard her mother say something about the torn steps, and saw her place her hand on the top step, indicating that the mat was torn, evidence is convincing that she could not have seen this. As a matter of fact,, she testified she never got closer than ten or twelve feet from the front of the bus and it would have been impossible for her to have seen her mother touch any torn places inside the bus.
Pinkey E. Jennings, assistant manager of defendant bus company, testified he examined the bus, which was number 97,. shortly after the accident and he didn’t find any torn or loose places in the mat on the steps. He further testified that on the date of the trial, the mat on the steps-was in the same condition as it was on the date the plaintiff contends she was injured.
The trial judge had the defendant bus-number 97 brought down to the street adjacent to the Courthouse and adjourned! the court, and with the respective litigants- and their attorneys, made a careful examination of said bus. While he has not given any written reasons for rejecting-the plaintiff’s demands, he must necessarily have found on examination of this bus-number 97, that there was no torn or frayed or loose mat on the step which caused! the plaintiff to fall, and he must have fur *215 ther found that she fell on the top step as a result of not picking her foot up high enough to place it on the step, and stumbled as a result thereof. Thus, her act of negligence caused her injury.
The evidence in this record reflects no manifest error on the part of the trial judge in his conclusion that this plaintiff was not entitled to recover and, accordingly, the judgment rejecting the plaintiff’s demand is affirmed.